UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID P. JOHNSON,

    Plaintiff,

vs.                         Case No.  2:03-cv-490-FtM-33SPC

WILLIAM ELROD CLARK,

    Defendant.
_____

## ORDER

This matter comes before the Court upon Clark's Motion for Summary Judgment (Doc. #60), filed on November 6, 2004. Johnson filed a Memorandum in Opposition to Clark's Motion for Summary Judgment (Doc. #89) on December 15, 2004. Upon review of the Motion for Summary Judgment and the Memorandum in Opposition, this Court finds that Clark's Motion for Summary Judgment should be denied.

## I.   STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude grant of summary judgment. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffrey v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(citing Celotex, 477 U.S. at 324). If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the

evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples *ex rel.* Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)).

II.   **BACKGROUND**

For summary judgment purposes, the Court accepts the following facts. Johnson, an estate attorney, was appointed personal representative of the J.V. Elrod Estate on November 7, 1997. (Doc. #89 at 1.) Clark is Elrod's nephew and 25% beneficiary of the Elrod testamentary trust, which is the sole beneficiary of the Estate. (Doc. #60-2 at 2.) Clark has been dissatisfied with Johnson's actions as personal representative of the Estate, and has been vocal regarding what has perceived as "Johnson's failures to discharge his duties." (Doc. #60-2 at 3.) Clark has filed objections in Florida and Virginia probate proceedings, written letters and e-mails to Johnson, his lawyers, and others objecting to Johnson's conduct, spoken to journalists, and complained to the state bar and law enforcement officials about what he believed to be Johnson's dereliction of his duties. (Doc. #60-2 at 2-3, Doc. #89 at 3.)

Johnson's defamation suit against Clark is based on five

3

publications of Clark's comments relating to Johnson's actions as personal representative of the Estate. (Doc. #2.) The statements at issue in Counts I, II and III include statements that Johnson paid himself and his attorneys the same amount as unpaid tax bills and that Clark does not trust Johnson to sell land owned by the Estate for what it is worth, an accusation by Clark that Johnson "has been derelict in handling his uncle's estate," and statements that Clark "would not wish upon anyone the kind of representation [his] family has suffered at the hands of David Johnson and his lawyer-enablers." (Doc. ##96-2, 96-3, and 96-4.) Count IV includes a request for a sample of Johnson's handwriting so that a document examiner can compare it to a forged check. In Count V, Clark asserts a litany of wrongs committed by Johnson in his capacity as personal representative and concludes with a request that Johnson be removed from his position as personal representative immediately. (Doc. #96-6 and 96-7.)

In his Motion for Summary Judgment, Clark argues that his statements about Johnson were either true, statements of opinion, or privileged. (Doc. #60-2.) Clark also asserts that Johnson cannot prove that Clark made the statements without reasonable care and cannot prove that his statements caused damage to Johnson. (Doc. #60-2.) Johnson counters that there are genuine issues of material fact that preclude summary judgment including, inter alia, whether Clark's statements were true, whether Clark made the

4

statements with ill will, whether the allegedly privileged statements were made during the course of judicial proceedings, and the extent of Johnson's damages. (Doc. #89.)

III. **ANALYSIS**

In order to prove a claim for defamation under Florida law, Johnson must show: (1) Clark published a false or defamatory statement about Johnson (2) to a third party, and (3) the falsity of the statement caused injury to Johnson. Razner v. Wellington Reg'l Med. Ctr., Inc., 837 So.2d 437, 442 (Fla. 4th DCA 2002).

"A false statement is slanderous per se 'if, when considered alone without innuendo, (1) it charges that a person has committed an infamous crime, (2) it charges a person with having an infectious disease, (3) it tends to subject one to hatred, distrust, ridicule, contempt or disgrace, or (4) it tends to injure one in his trade or profession.'" Leavitt v. Cole, 291 F. Supp.2d 1338, 1342 (M.D. Fla. 2003)(quoting Richard v. Gray, 62 So.2d 597, 598 (Fla. 1953)).

Slander per se includes falsehoods "directed at a person's professional competence or fitness to engage in a given profession." Leavitt, 291 F. Supp.2d at 1342. Where the "words on their face in their usual and natural signification are not injurious, but are injurious only as a consequence of extrinsic facts, such as innuendo," the injurious falsehood is deemed slander

5

*per quod*, which requires a showing of special damages. Id. While the determination of whether an unambiguous statement is defamatory is a question of law, the interpretation of ambiguous phrases is a question of fact not determinable on a motion for summary judgment. Daniels v. Patterson, 751 So.2d 678 (Fla. 1st DCA 2000).

Clark asserts that his statements are not defamatory because they are true. In a defamation action, the affirmative defense of truth is a factual question for resolution by the jury, Glickman v. Potamkin, 454 So.2d 612 (Fla. 3rd DCA 1984), and therefore may not be resolved on a motion for summary judgment.

Further, Clark asserts that his statements are statements of opinion and are therefore constitutionally protected. Statements of opinion are only protected when the speaker "'makes a comment or opinion based on facts set forth in the article or which are otherwise known or available to the reader....'" Barnes v. Horan, 841 So.2d 472, 476 (Fla. 3rd DCA 2000)(quoting From v. Tallahassee Democrat, Inc., 400 So.2d 52, 57 (Fla. 1st DCA 1981)). Mixed opinion, which is not constitutionally protected, occurs "when an opinion or comment is made which is based on facts regarding the plaintiff or his conduct that have not been stated in the article or assumed to exist by the parties to the communication." Id. Whether a statement is an expression of opinion is a question of law to be decided by the Court. Zambrano v. Devanesan, 484 So.2d 603 (Fla. 4th DCA 1986).

Johnson, in his response to Clark's Motion for Summary Judgment, enumerated several facts that Clark either failed to state when expressing his opinion, or which Clark stated but were incorrect or incomplete. (Doc. #89 at 13.) Johnson has shown there is a genuine issue of material fact as to whether Clark's statement was pure opinion or mixed opinion, and therefore, Clark is not entitled to summary judgment based on his assertion that his statements were protected statements of opinion.

Clark also asserts that Counts IV and V of the Complaint are not defamatory because they are absolutely qualified. Defamatory statements made during the course of judicial proceedings are not actionable. <u>Fridovich v. Fridovich</u>, 598 So.2d 65, 66 (Fla. 1992). Clark claims that his statements in Counts IV and V were "made in the course of the Virginia ancillary probate proceedings." (Doc. #60-2 at 10.) Johnson counters that Clark's statement in Count IV was an e-mail communication between Clark and Karl Pilger, Johnson's attorney, and that both Counts IV and V were sent to third persons, either various members of law enforcement or IRS criminal investigations unit, that were not covered by the privilege, if any existed. Given the existence of genuine issues of material fact as to whether or not the statements in Counts IV and V were made within the course of a judicial proceeding, summary judgment is inappropriate on such grounds.

Accordingly, it is now

7

**ORDERED, ADJUDGED,** and **DECREED:**

Clark's Motion for Summary Judgment (Doc. #60) is hereby **DENIED.**

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 6th day of July, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record