UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID P. JOHNSON,

        Plaintiff,

vs.                          Case No.   2:03-cv-490-FtM-33DNF

WILLIAM E. CLARK,

        Defendant.
_____/

WILLIAM E. CLARK,

        Counter-Plaintiff,
vs.

DAVID P. JOHNSON,

        Counter-Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Johnson's Motion in Limine as to Damage Claims Based on Property Values (Doc. # 169), which was filed on April 22, 2005.  Clark has filed a memorandum in opposition to the Motion in Limine as to Damage Claims Based on Property Values (Doc. # 208).  In addition, in a stipulation submitted by the parties on January 3, 2006, the parties indicated that the last two arguments raised in the motion in limine, as discussed in the memorandum in support of the motion in limine (arguments concerning prior court approvals for real estate sales and the statute of limitations) were moot.

Johnson's motion in limine seeks to strike all of Clark's damage claims based on real estate values for properties sold by the Estate or not recovered by the Estate.

## I. Analysis

Johnson argues that, although Clark claims to have been damaged by Johnson's sales of Estate property for less than such property was worth, Clark's expert, Dennis Duffy, has produced retrospective appraisals for only two Virginia properties. Johnson submits that Clark has failed to identify a qualified real estate or appraisal witness as to any other properties in Florida or Virginia.

Johnson submits that Clark has not provided evidence to substantiate his damage claims, and that only an expert should be allowed to testify as to such claims. Johnson specifically requests that Mr. Clark, who is not a property appraiser, be prohibited from testifying as to property values. Johnson cites the case of In re Donoway, 139 B.R. 156, 158 (D. Md. 1992), which held, "As the owner of real estate, the debtor is entitled to render his opinion as to the fair market value of the property. With that one exception, only the testimony of a qualified expert, such as an experienced appraiser, would be admissible on the issue. Real estate brokers and agents without specialized training in real estate appraising are not qualified to testify as to opinions regarding real estate value."

2

Clark, on the other hand, argues that the Eleventh Circuit has held that property appraisals rendered before and after the sale are probative of the value of the property at the time of the sale. Gilchrist Timber Co. v. ITT Rayonier, Inc., 127 F.3d 1390, 1396-1397 (11th Cir. 1997). In addition, the court in In re Miami Beach Hotel Investors, LLC, 304 B.R. 532, 536 (S.D. Fla. 2004) considered a wide range of valuation in evidence with respect to real property, including, a Miami-Dade County Ad Valorem Tax Bill for the property, a document authored by a secured lender to the debtor classified as an investment summary, a circular sent out by a secured lender of investment opportunities, and expert testimony and appraisals. In addition, Clark submits that he seeks to testify only as a lay witness under Federal Rule of Evidence 701, not as an expert.

Clark's testimony as to what he perceived the Elrod estate to be worth bears on important issues raised in Johnson's defamation claim, particularly, what Clark knew at the time he made the alleged defamatory statements.

Clark may present property valuations through an expert or through other means. However, Clark's evaluations must be corroborated by some factual evidence. Regardless of the manner in which Clark intends to present valuation to the jury, this Court

will not, pursuant to a motion in limine, strike Clark's damage claims.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Johnson's Motion in Limine as to Damage Claims Based on Property Values (Doc. # 169) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this <u>3rd</u> day of February 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record