UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID P. JOHNSON,

        Plaintiff,

vs.                      Case No.   2:03-cv-490-FtM-33DNF

WILLIAM E. CLARK,

        Defendant.
_____/

WILLIAM E. CLARK,

        Counter-Plaintiff,
vs.

DAVID P. JOHNSON,

        Counter-Defendant.
_____/

**ORDER**

This matter comes before the Court on Plaintiff Johnson's Motion to Exclude and/or Limit the Testimony of Expert Witness, Andre J. Patrone, and memorandum of law in support of such motion, which were filed on April 22, 2005.  (Doc. # 171-172).  On May 20, 2005, Defendant Clark filed a response in opposition to this motion (Doc. # 209).   Mr. Patrone was deposed on October 5, 2004. Additional deposition testimony was given by Mr. Patrone on February 8, 2005.  An eight-page excerpt from his October 5, 2004 deposition transcript was filed as an attachment to Clark's response in opposition to Johnson's motion to exclude or limit Mr.

Patrone's testimony. (Doc. # 209-2). In addition, a 244-page deposition transcript of the February 8, 2005 deposition was filed on December 10, 2006 by Clark. (Doc. # 272.)[1]

Johnson argues that the testimony of Mr. Patrone, a Florida attorney, should be limited to matters involving the administration of the Florida Estate. Johnson submits that because Mr. Patrone is neither a licensed attorney in Virginia nor a licensed real estate agent in Virginia, he is not qualified to provide opinions regarding the Virginia Estate. In addition, Johnson argues that Mr. Patrone should be prohibited from offering any opinions regarding real estate values because Mr. Patrone is not a real estate broker or real estate appraiser in Florida or Virginia. Johnson similarly argues that Mr. Patrone should be prohibited from providing testimony concerning damages and collections.

In response, Clark contends that Mr. Patrone's opinions meet all of the requirements set forth in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). Clark argues that Mr. Patrone's testimony should not be excluded or limited because his opinions are based on over twenty years of experience in probate matters and the fundamental responsibilities of the personal representative of an estate. (Doc. # 209).

---

[1] It should be noted that there is some dispute as to whether the February 8, 2005 deposition of Mr. Patrone was a re-deposition or a continuation of his October 5, 2004 deposition. This dispute has not been brought before the Court in the form of a motion, and it will not be further addressed in this Order.

**A. Standard of Review**

The abuse of discretion standard of review applies to this Court's ruling on the present motion in exclude or limit an expert's testimony. As stated in <u>McCorvey v. Baxter Healthcare Corp.</u>, 298 F.3d 1253, 1257 (11th Cir. 2002), the Eleventh Circuit's review of "evidentiary rulings by trial courts on the admission of expert testimony is very limited." (Internal citations omitted). Further, as held in <u>Allison v. McGhan Medical Corp.</u>, 184 F.3d 1300, 1306 (11th Cir. 1999), "[t]his deferential standard is not relaxed even though a ruling on the admissibility of expert evidence may be outcome determinative. . . . [T]he appellate court will not reverse . . . unless the ruling is manifestly erroneous." (Internal citations omitted).

**B. Analysis**

The admissibility of expert opinion testimony is governed by Federal Rule of Evidence 702, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In addition, <u>McCorvey</u>, 298 F.3d at 1257, provides that relevant expert testimony is admissible under Federal Rule of Evidence 702 only upon a finding that "the expert [is] qualified to testify

competently regarding the matters he intends to address; that the methodology by which the expert reached his conclusions is sufficiently reliable; and that the testimony will assist the trier of fact." (Internal citations omitted).

The burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and admissibility must be demonstrated by a preponderance of the evidence.  Allison, 184 F.3d at 1306.

Furthermore, trial courts have "substantial discretion" when deciding how to test the reliability of experts in each case.  Rink v. Cheminova, Inc., 400 F.3d 1286, 1292 (11th Cir. 2005).  In addition to evaluating the expert under the Daubert factors, it is the Court's responsibility to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). Additionally, expert status may be based on "knowledge, skill, experience, training, or education."  Id. at 147 (citing Fed. R. Evid. 720).  However, the Committee Note to the 2000 Amendments of Rule 702 states, "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is

4

reliably applied to the facts." U.S. v. Frazier, 387 F.3d 1244, 1261 (11th Cir. 2004) (citing Fed. R. Evid. 702 advisory committee's note (2000 amends.)).

Clark argues that Mr. Patrone does not intend to discuss issues under Virginia law, render property appraisals, or litigation strategies employed by a collections lawyer. (Doc. # 209.) Furthermore, Clark asserts, and this Court agrees that Mr. Patrone's opinions regarding Johnson's alleged breaches do not require Mr. Patrone to be a real estate appraiser, because attorneys often rely on appraisals generated by others. In addition, the Court agrees that Mr. Patrone need not be a collections lawyer to opine generally about Johnson's alleged failure to pursue an estate claim.

Clark asserts that Mr. Patrone possesses over twenty years of experience as the lawyer for the personal representatives of an estate, "approaching 1,000" times. (Doc. # 209.) Further, during the past twenty years Mr. Patrone has been involved in litigation regarding the collection of estate assets, and against personal representatives "for conflict of interest and breach of duty." (Doc. # 209.) Mr. Patrone has served as a court appointed curator handling the probate of estates similar to the estate in the instant case and 10-15% of Mr. Patrone's work involves probate

5

litigation. (Doc. # 209.)[2]

Mr. Patrone's opinion is based on his experience as a lawyer for the personal representative of an estate and court appointed curator. Mr. Patrone's twenty years of experience as a wills, trust, estate, and probate attorney make him qualified to render an expert opinion on what should or should not be done to properly administer an estate, and diligently meet fiduciary duties. See generally Quiet Tech. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1343 (11th Cir. 2003) (holding that a witness was properly qualified as an expert in computational fluid dynamics "CFD" because the witness worked in the field for nearly twenty years, had bachelor's and master's degrees in aerospace engineering, performed over forty CFD analyses while working at several aerospace companies, and assisted in eighty similar studies). Furthermore, Mr. Patrone's testimony can assist the trier of fact with understanding the basic administrative and fiduciary responsibilities of a representative of an estate. Thus, Clark has met his burden under the governing standards.

The Court's obligation to evaluate an expert's reliability "is not intended to supplant the adversary system or role of the jury." Rink, 400 F.3d at 1293. Mr. Patrone is opining on the basic principles associated with the responsibility of being a personal

---

[2] Clark's assertions concerning Mr. Patrone's experience are supported by Mr. Patrone's deposition testimony.

6

representative of an estate.  The believability or persuasiveness of Mr. Patrone's opinion is reserved for the trier of fact.  <u>Id</u>.  Johnson can present issues concerning the credibility of Mr. Patrone's testimony to the trier of fact through vigorous cross examination.  <u>Id.</u>

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Johnson's Motion to Exclude and/or Limit the Testimony of Expert Witness, Andre J. Patrone (Doc. # 171) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this <u>3rd</u> day of February 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record