UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID P. JOHNSON,

        Plaintiff,

vs.                           Case No.   2:03-cv-490-FtM-33DNF

WILLIAM E. CLARK,

        Defendant.
_____/

WILLIAM E. CLARK,

        Counter-Plaintiff,

vs.

DAVID P. JOHNSON,

        Counter-Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Johnson's Request for Judicial Notice (Doc. # 40), which was filed on July 28, 2004.  Clark has not filed a response in opposition to this request for judicial notice.

Johnson requests that this Court judicially notice a copy of the allegations and claims in the Petition for Removal of Personal Representative [Johnson] and Ancillary Relief, which was filed by Trustee Byron Shinn in the probate action pending before the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida.

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts, and states as follows:

> **(a) Scope of rule.**  This rule governs only judicial notice of adjudicative facts.
> **(b) Kinds of facts.**  A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
> **(c) When discretionary.**  A court may take judicial notice, whether requested or not.
> **(d) When mandatory.**  A court shall take judicial notice if requested by a party and supplied with the necessary information.
> **(e) Opportunity to be heard.**  A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed.  In the absence of prior notification, the request may be made after judicial notice has been taken.
> **(f) Time of taking notice.**  Judicial notice may be taken at any stage of the proceeding.

Clark has failed to object to Johnson's request for judicial notice and has had ample time to do so.  The above-noted documents are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned, as these documents were filed in the state court.  In addition, Johnson has supplied the Court with the relevant documents (Doc. # 41).  Thus, pursuant to Federal Rule of Evidence 201(d), the Court will take judicial notice of the requested documents.

It should be noted, however, that the extent of this Court's judicial notice is limited.  This Court judicially notices only that the allegations and claims in the Petition for Removal of

Personal Representative [Johnson] and Ancillary Relief, were, in fact, filed. The Court does not judicially notice, or deem accurate, the content of the petition and factual allegations therein. The following provision of the Eleventh Circuit's decision in United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994), is instructive to this Court:

> In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5104 at 485 (1977 & Supp.1994). Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. Id. If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous. Id. at 256-57 (footnote omitted). Moreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury. Id. at 485. Accord United States v. Aluminum Co. of America, 148 F. 2d 416, 446 (2d Cir. 1945)(L. Hand, J.). . . . It is recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. Accordingly, a court may take judicial notice of another court's order only for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation.

(Internal citations omitted).

Accordingly, this Court takes judicial notice of the requested documents for the limited purpose of recognizing that the petition and related documents were filed and for recognizing the subject

3

matter of the litigation.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Johnson's Request for Judicial Notice (Doc. # 40) is **GRANTED** as specified above.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this <u>3rd</u> day of February 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record