```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION


DAVID P. JOHNSON,

                Plaintiff,

vs.                                Case No.   2:03-cv-490-FtM-33DNF

WILLIAM E. CLARK,

                Defendant.
_____/

WILLIAM E. CLARK,

                Counter-Plaintiff,
vs.

DAVID P. JOHNSON,

                Counter-Defendant.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Clark's Motion for Leave to File in Limine Motion (Doc. # 243), which was filed on July 15, 2005. In this motion, Clark requests permission to file a motion in limine to exclude Johnson's witness, Nancy L. Healey, from testifying at trial. Clark has attached to his motion a copy of the motion in limine that he would like to file. (Doc. # 243-2).

Johnson has moved to strike Clark's request for leave to file the in limine motion (Doc. # 245). Within the motion to strike, Johnson provides a response to the motion in limine. This Court shall address the merits of the motion in limine. Therefore,

Clark's Motion for Leave to File in Limine Motion is **GRANTED**, and the proposed motion in limine as to Nancy L. Healey is deemed filed, nunc pro tunc, from July 15, 2005, the date both were filed with the Court.

Clark seeks to exclude the testimony of Johnson's legal assistant, Nancy Healey. As stated by Clark, Ms. Healey intends to testify as to the following alleged impermissible topics: (1) Mr. Johnson's alleged emotional reaction to certain communications (facsimiles, letters, etc.) he received from Mr. Clark and to the five statements at issue in this defamation case; and (2) the cause and effect relationship between Mr. Johnson's receipt of these communications and Mr. Johnson's alleged emotional condition.

Clark asserts that Ms. Healey is not qualified to provide an opinion about Johnson's emotional reactions and the cause of his emotional disturbances because, among other things, she is not a psychologist or similarly trained professional.

In addition, Clark submits that "Johnson has expressly disclaimed any damages whatsoever to his business or to him professionally as a result of Mr. Clark's allegedly defamatory statements" and further submits that Ms. Healey's testimony is limited to Johnson's business and professional dealings and "how he acted in his business environment." (Doc. # 243-2).

Johnson, on the other hand, persuasively argues that Ms. Healey is being called as a lay witness, rather than an expert witness. As stated by Johnson, Ms. Healey is Johnson's legal assistant and only employee, she sits within approximately twenty feet of his desk, and has been under his employ for over nine years. Clearly, Ms. Healey has had the opportunity to observe Johnson's reactions to certain events. Further, Ms. Healey will not testify about the financial effect Clark's actions may have had on Johnson's practice of law. As argued by Johnson, she will serve as a "before and after" witness.

The rules of evidence, particularly Rule 701, which defines the scope of lay witness testimony, permit the testimony Johnson and Clark propose Ms. Healey will give. Clark retains the option to object at trial if Ms. Healey's testimony strays into the bounds of impermissible expert testimony.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Clark's Motion for Leave to File in Limine Motion (Doc. # 243) is **GRANTED**, and the proposed motion in limine as to Nancy Healey (Doc. # 243-2) is deemed filed, <u>nunc pro tunc</u>, from July 15, 2005.

(2) Johnson's Motion to Strike Clark's Motion for Leave to File in Limine Motion (Doc. # 245) is **DENIED**.

(3) Clark's Motion in Limine to Exclude Nancy L. Healey for

Testifying at Trial (Doc. # 243-2), filed on July 15, 2005, nunc pro tunc, is **DENIED**. Nancy L. Healey is permitted to offer lay testimony concerning her observations of Johnson before, during, and after the events which comprise the present litigation.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 7th day of February 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record