UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID P. JOHNSON,

                Plaintiff,

vs.                              Case No.  2:03-cv-490-FtM-33DNF

WILLIAM E. CLARK,

                Defendant.
_____/

WILLIAM E. CLARK,

                Counter-Plaintiff,

vs.

DAVID P. JOHNSON,

                Counter-Defendant.
_____/

**ORDER**

    This matter comes before the Court pursuant to Clark's Motion to Exclude Evidence relating to Probate Court Orders Regarding Sales of Estate Property (Doc. # 223), which was filed on June 8, 2005. Johnson filed a response in opposition to this motion (Doc. # 231) on June 22, 2005.

    Clark seeks an order excluding from evidence orders issued by the Virginia and Florida probate courts which approve sales of the Elrod Estate property. Clark also seeks to preclude all testimony related to such court orders.

    Clark argues that the orders constitute judicial findings and, by virtue of having been made by a judge, may be given undue weight

by the jury, causing danger of unfair prejudice. For this proposition, Clark cites <u>United States Steel, LLC v. Tieco, Inc.</u>, 261 F.3d 1275 (11th Cir. 2001). In <u>United States Steel</u>, a trial court, during a jury trial, admitted an opinion issued by a state court. <u>Id.</u> at 1286. The Eleventh Circuit found the admission of the state court opinion to be reversible error. <u>Id.</u> at 1288. The court determined that the application of Federal Rule of Evidence 403 should have precluded admission of the state court order. <u>Id.</u> The court also ruled that state court opinions are inadmissible hearsay pursuant to Federal Rule of Evidence 801(c), and no exception, not even the public records exception, applies. <u>Id.</u> at 1287.[1]

---

[1] Federal Rule of Evidence 803(8)(C), which describes the "public records and reports" exception to the hearsay rule states the following evidence is not excluded by the hearsay rule:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

In addition to the <u>Nipper</u> and <u>United States Steel</u> cases cited above, the following cases held that judicial findings of fact are not "factual findings" within the meaning of Federal Rule of Evidence 803(8)(C): <u>McLellan Highway Corporation v. United States</u>, 95 F. Supp. 2d 1 (D. Mass. 2000)(findings of an immigration judge held to be inadmissible hearsay in a case brought against the United States for immigration violations); <u>Blue Cross and Blue Sheild of N.J., Inc. v. Philip Morris, Inc.</u>, 141 F. Supp. 2d 320 (E.D. N.Y. 2001)(court determined that factual findings of a judge in a separate case were inadmissible hearsay in a fraud action brought by health insurance company against tobacco company);

A unique factual issue was present in the <u>United States Steel</u> case, however. There, the factual findings of the state court judge, which the trial court erroneously admitted, were prepared by counsel for one of the parties. The court noted:

> The hearsay in Judge Garrett's [the state court's] opinion--which does not satisfy a firmly-rooted exception--was particularly unreliable and misleading. Although the statement of facts was presented to the jury as Judge Garrett's finding, it was prepared entirely by Appellee's counsel. In effect, the admission of the statement of facts permitted counsel to testify on his client's behalf, without being cross-examined. Further, the statement of facts was intended to exculpate TIECO [the defendant in both the state court and federal court actions], and thus, it was self-serving and unreliable.

<u>United States Steel</u>, 261 F.3d at 1287.

In addition, the court in <u>United States Steel</u> noted that the harm caused by the improperly admitted judicial order was exacerbated by the fact that the order was read to the jury, referenced in closing arguments. In addition, counsel asked the jury to consider the order in making credibility determinations. <u>Id.</u> at 1286.

The court's analysis in <u>United States Steel</u> was guided by the case of <u>Nipper v. Snipes</u>, 7 F.3d 415, 417-418 (4th Cir. 1993). In <u>Nipper</u>, the Forth Circuit proclaimed that "[j]udicial findings of

---

<u>Trustees of Univer. of Pa. v. Lexington Ins. Co.</u>, 815 F.2d 890 (3d Cir. 1987); <u>Internat'l Land Acquisitions, Inc. v. Fausto</u>, 39 Fed. Appx. 751 (3d Cir. 2002); <u>Hairston v. Wash. Metro. Area Transit Auth.</u>, 1997 WL 411946 (D.D.C. 1997); <u>see</u> Kurtis A. Kemper, <u>Admissibility, Under Rule 803(8)(C)of Federal Rules of Evidence, of "Factual Findings Resulting From Investigation Made Pursuant to Authority Granted by Law"</u>, 180 A.L.R. Fed. 61 (2005).

fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, creating a serious danger of unfair prejudice." Id.

In sum, case law supports Clark's position that "judicial findings" in the Florida and Virginia state court orders should be excluded as hearsay and under Federal Rule of Evidence 403.

Johnson asserts, however, that the state court orders are not hearsay because Johnson is not attempting to use the orders for the "truth of the matter asserted" but instead, to establish court authorization and date of sale, among other things.

The Court finds merit in Johnson's argument that the state court orders are not hearsay. Johnson characterizes the orders as judicial acts of approval. The Eleventh Circuit has approved Johnson's theory that court documents are not hearsay if considered only for the fact that the judicial proceedings took place, at least in the realm of judicial notice, in the case of United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994), which held:

> In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5104 at 485 (1977 & Supp.1994). Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. Id. If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous. Id. at 256-57 (footnote omitted). Moreover, to deprive a party of the right to go to the jury with his evidence

4

>   where the fact was not indisputable would violate the constitutional guarantee of trial by jury. Id. at 485. Accord United States v. Aluminum Co. of America, 148 F. 2d 416, 446 (2d Cir. 1945)(L. Hand, J.). . . . It is recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.  Accordingly, a court may take judicial notice of another court's order only for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation.

(Internal citations omitted).

This Court is inclined to agree that the state court orders are not hearsay if considered for the limited purpose of proving that judicial proceedings took place; however, this Court cannot avoid the Eleventh Circuit's strong warning of undue prejudice resulting from the admission of judicial orders under Federal Rule of Evidence 403.

Rule 403 states in pertinent part "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury".  As discussed by the cases above, the risk that the jury will place undue weight on the judicial opinions Johnson seeks to admit is substantial, and therefore, the Court determines that the judicial orders should be excluded from evidence.  However, in fairness to Johnson, and due to Johnson's great need to make known that he acted with judicial approval in administrating the estate in question, this Court will allow him to mention to the jury certain aspects of the judicial proceedings

which do not constitute "judicial findings" and are not offered for the truth of the matter asserted.  He may make known to the jury the fact that judicial proceedings took place with respect to the sales of the property, and that the transactions at issue here were approved by probate courts in Virginia and Florida (to the extent that this is accurate).  In addition, Johnson may also refer to the dates of the orders and the date of the property sales as stated in the orders.  Johnson is forbidden from making known to the jury any portions of the judicial orders which may be deemed "findings of fact."

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Clark's Motion to Exclude Evidence relating to Probate Court Orders Regarding Sales of Estate Property (Doc. # 223) is **GRANTED IN PART AND DENIED IN PART** as specified above.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this <u>7th</u> day of February 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record

6