UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID P. JOHNSON,

                Plaintiff,
vs.                           Case No.   2:03-cv-490-FtM-33DNF

WILLIAM E. CLARK,
                Defendant.
_____/

WILLIAM E. CLARK,

                Plaintiff,

vs.

WILLIAM E. CLARK,

                Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Johnson's Request for Judicial Notice (Doc. # 281), which was filed on January 17, 2006. Clark filed a response in opposition to this motion (Doc. # 290) on January 20, 2006.

Johnson requests that this Court take judicial notice of eleven Florida Statutes and also two state court orders. Specifically, Johnson requests that this Court judicially notice the following Florida Statues: (1) § 733.301 (2005); (2) § 733.302 (2005); (3) § 733.303 (2005); (4) § 733.304 (2005); (5) § 733.817 (1997); (6) § 198.23 (2005); (7) § 95.11(3) (2004); (8) § 731.201(2) (2005); (9) § 733.602 (2005); (10) § 733.603 (2005); (11) § 733.613 (2005). In addition, Johnson requests that this

Court judicially notice an order issued by the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, Probate Division dated March 21, 2005, in which Judge Isaac Anderson approved a mediated settlement between the Testamentary Trustee, Byron Shinn, and the Personal Representative, David Johnson.[1] Further, Johnson requests that this Court judicially notice an order issued by the Thirty-first Judicial Circuit Court for the State of Virginia, signed by Judge Richard Potter on September 20, 2005. The Virginia state court order similarly approved the settlement entered into on March 4, 2005.

Clark does not oppose Johnson's request for judicial notice of the eleven Florida Statutes; however, Clark does oppose Johnson's request that this Court take judicial notice of the two court orders mentioned above. Clark's opposition to Johnson's request for judicial notice of the two court orders is not absolute, as Clark recognizes that "the Eleventh Circuit has held that a court may take judicial notice, under Federal Rule of Evidence 201, of an order rendered by another court, solely for 'the limited purpose of

---

[1] The Florida probate court order stated in pertinent part, "Ordered and Adjudged that the settlement reached at mediation on March 4, 2005 between the Testamentary Trustee, Byron Shinn, and the Personal Representative, David P. Johnson is hereby approved as being in the best interests of the Estate and this Court will take all actions necessary to give effect to that settlement. Further, this Court orders each party to timely and fully comply with their obligations under said settlement and this Court hereby reserves jurisdiction over the parties and these matters to enforce the settlement pursuant to the parties' agreement and Florida law." (Doc. # 281-2 at 4).

recognizing the "judicial act" that the order represents or the subject matter of the litigation.' U.S. v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)." (Doc. # 290 at 1-2). This Court agrees that the Eleventh Circuit's ruling in Jones permits judicial notice of court orders in a limited fashion.

This Court has addressed the issue of judicial notice of court orders in an Order entered on February 7, 2006 (Doc. # 308). The analysis provided by the Court's February 7, 2006 Order applies squarely to the present motion and is consistent with Clark's argument, stated above. Consistent with the Order of February 7, 2006, this Court rules that the Court will take judicial notice of the state court orders; however, this judicial notice is limited to noticing the "judicial act" of court approval of the settlement of March 4, 2005 and the subject matter of the litigation. This Court's judicial notice in no way reaches "findings of fact" in the two court orders.[2]

---

[2] In the case of United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994), the court held:

> In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5104 at 485 (1977 & Supp.1994). Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. Id. If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous. Id.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Johnson's Request for Judicial Notice (Doc. # 281) is **GRANTED IN PART AND DENIED IN PART** as specified above.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 21st day of February 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record

---

at 256-57 (footnote omitted). Moreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury. Id. at 485. Accord United States v. Aluminum Co. of America, 148 F. 2d 416, 446 (2d Cir. 1945)(L. Hand, J.). . . . It is recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. Accordingly, a court may take judicial notice of another court's order only for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation.

(Internal citations omitted).